Chief Judge Wachtler
(concurring). I concur in Judge Alexander’s explication of the governing legal principles and his application of them to the facts of this case. While his opinion leaves little room for addition or doubt, in view of the dissent a brief comment about the courts’ role in this dispute is necessary.
This case has little or no significance for the law, but it has caught the public eye like few cases in this court’s history. Much of the reason for this attention, apparently, is the supposition that here at stake are grand principles — sportsmanship and tradition — pitted against the greed, commercialism and zealotry that threaten to vulgarize sport. In the end, however, the outcome of the case is dictated by elemental legal principles.
I am in full agreement with the court’s resolution of this dispute pursuant to those principles. Just as nothing in the America’s Cup Deed of Gift prohibited Mercury Bay’s unorthodox challenge, which successfully eliminated all other challengers, nothing in that instrument prohibited San Diego’s unorthodox defense, which was equally successful. The case should end there.
The dissent, however, would have us go beyond the provisions of the trust instrument and, in the interest of sportsmanship and tradition, impose a duty on the defender to— well, to do just what? To not try too hard to win, it seems. To choose a vessel, not for its potential to win, but for its potential to lose. There is no legal basis for the imposition of such a duty.
More important, perhaps, is that the standard articulated by the dissent would encourage repetition of the most distasteful innovation of all in this case — resolution of the competition in court. If the defender were legally bound to choose a vessel that would ensure a "close” race with the challenger, no defender could be secure in victory without a court order attesting to the fact that it had not won too easily.
*273 It is tempting, of course, to confuse our authority to construe the trust instrument with a license to mold the America’s Cup competition in accord with our notions of sporting ideals. Ultimately, however, it must be the contestants, not the courts, who define the traditions and ideals of the sport. No one wishes to see the competition debased by commercialism and greed. But if the traditions and ideals of the sport are dependent on judicial coercion, that battle is already lost.